OPINION
{¶ 1} Appellant, Keith E. Phillips, appeals from the judgment of the Warren Municipal Court, which found appellant guilty, upon appellant's plea of no contest, to importuning, former R.C.2907.07(B), a first-degree misdemeanor. We reverse.
 {¶ 2} On May 9, 2003, appellant, who was represented by counsel pleaded guilty to a violation of former R.C. 2907.07(B), which provided, "No person shall solicit a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard." The trial court sentenced appellant to 180 days in jail (with sixty days suspended) and a $500 fine.
 {¶ 3} On December 4, 2003, appellant filed a motion for delayed appeal, which we granted. Appellant now appeals his conviction, raising two assignments of error:
 {¶ 4} "[1] The [t]rial [c]ourt [e]rred in [f]inding [a]ppellant [g]uilty [u]pon [a]ppellant's [p]lea of `[n]o [c]ontest', [t]hereby [d]enying [a]ppellant [e]qual [p]rotection of the [l]aws under the United States Constitution and the Constitution of the State of Ohio."
 {¶ 5} "[2.] The [t]rial [c]ourt [e]rred in [c]onvicting [a]ppellant of a [l]aw [w]hich the Ohio Supreme Court [p]reviously [h]eld [u]nconstitutional, [t]hereby [d]enying [a]ppellant [s]ubstantive [d]ue [p]rocess [u]nder the United States Constitution and the Constitution of the State of Ohio."[1]
 {¶ 6} Because appellant's assignments of error raise the same issue, i.e., the propriety of a trial court finding a defendant guilty under a statute previously declared unconstitutional, we address them together.
 {¶ 7} On May 9, 2003, appellant was found guilty of importuning under former R.C. 2907.07(B). In State v. Thompson
(2002), 95 Ohio St.3d 264, the Ohio Supreme Court held, "R.C.2907.07(B) is facially invalid under the Fourteenth Amendment to the United States Constitution and Section 2 Article I of the Ohio Constitution." Id. at syllabus. The Supreme Court decidedThompson on May 15, 2002, almost one year before the trial court found appellant guilty.
 {¶ 8} The Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law[.]" It is axiomatic then that in a criminal case due process requires that the conduct underlying a finding of guilt actually be a crime; here it was not. Therefore, the trial court erred in finding appellant guilty under a subsection of a statute that had previously been declared unconstitutional.
 {¶ 9} For the foregoing reasons, the judgment of the Warren Municipal Court is reversed, and judgment is entered for appellant.
O'Neill, J., concurs,
Grendell, J., concurs in judgment only.
[1] Appellee did not file a brief.